[625 NYS2d 284]

In the Matter of ALAN R. ALEDORT, an Attorney, Respondent.
GRIEVANCE COMMITTEE FOR THE TENTH JUDICIAL DISTRICT,
Petitioner.

Second Department, April 17, 1995

## APPEARANCES OF COUNSEL

*Frank A. Finnerty, Jr.,* Syosset *(Nancy A. Bolger* of counsel),
for petitioner.

## OPINION OF THE COURT

Per Curiam.

By decision and order of this Court, dated December 16,
1994, the motion of the Grievance Committee to suspend the

respondent and for leave to commence a disciplinary proceeding was granted to the extent that the respondent was suspended pursuant to 22 NYCRR 691.4 *(l)* (1) (i), until further order of the Court, unless he submitted written answers to two new complaints of professional misconduct within 10 days after service of the order, along with any additional information requested by the Grievance Committee. The Grievance Committee was also authorized to institute and prosecute a disciplinary proceeding against the respondent and the issues raised were referred to the Honorable Edwin J. Loewy, as Special Referee to hear and report.

A petition containing eight charges of professional misconduct was personally served on the respondent on January 18, 1995. The charges include failure to cooperate with the investigations of the Grievance Committee, failure to communicate with a client regarding two legal matters entrusted to him, and failure to reregister with the Office of Court Administration. The respondent has failed to file an answer to the petition. Nor has the Grievance Committee been contacted by the respondent or anyone on the respondent's behalf.

The petitioner now moves to impose discipline upon the respondent on his default in appearing and answering. The respondent was personally served with notice of its motion for a default judgment on February 6, 1995. The respondent has not replied to the motion to impose discipline upon his default.

The charges, if established, would require the imposition of a disciplinary sanction against the respondent. Inasmuch as the respondent has chosen not to appear or answer these proceedings, the damages must be deemed established. The petitioner's motion to hold the respondent in default and impose discipline is, therefore, granted. Accordingly, the respondent is disbarred on default and his name is stricken from the roll of attorneys and counselors-at-law.

MANGANO, P. J., BRACKEN, BALLETTA, ROSENBLATT and RITTER, JJ., concur.

Ordered that the petitioner's motion to impose discipline upon the respondent based upon his failure to appear or answer is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Alan R. Aledort, is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall promptly comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Alan R. Aledort is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.